ROBERT E. FREITAS (SBN 80948)
rfreitas@fawlaw.com
JASON S. ANGELL (SBN 221607)
jangell@fawlaw.com
JING H. CHERNG (SBN 265017)
gcherng@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, CA 94065
Telephone:   (650) 593-6300
Facsimile:   (650) 593-6301

Attorneys for Plaintiffs
Broadcom Corporation and
Avago Technologies General IP
(Singapore) Pte. Ltd.

ALAN M. FISCH (*pro hac vice*)
Alan.Fisch@FischLLP.com
R. WILLIAM SIGLER (*pro hac vice*)
Bill.Sigler@FischLLP.com
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
Telephone: (202) 362-3500

DAVID M. SAUNDERS (SBN 260742)
David.Saunders@FischLLP.com
FISCH SIGLER LLP
96 N. Third Street
Suite 260
San Jose, CA 95112
Telephone: (650) 362-8200

Attorneys for Defendants
Amazon.com, Inc. and
Amazon Web Services, Inc.

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADCOM CORPORATION, ET AL.<br><br>        Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., ET AL.<br><br>        Defendants. | Case No. 8:16-cv-01774-JVS-JCG<br><br><br>**STIPULATED PROTECTIVE ORDER** |

1.     **A. PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. As set forth in Section 13.4 below, this Protective Order does not entitle the Parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**B. GOOD CAUSE STATEMENT**

This action is likely to involve detailed technical information and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including potentially implicating rights of third parties), information otherwise generally unavailable to the public.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the

intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2. DEFINITIONS**

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designated House Counsel: House Counsel who seek access to "RESTRICTED – ATTORNEYS' EYES ONLY" information in this matter.

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside

counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or who are employed by a law firm that has appeared on behalf of that party and to whom disclosure is reasonably necessary for this litigation.

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16 "RESTRICTED – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm.

2.17    "RESTRICTED – ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR" Information or Items: extremely sensitive "Confidential

Information or Items" of a technical nature related to a party's products or accused or patented technology, the disclosure of which to another Party or Non-Party would create a substantial risk of serious competitive harm.

2.18   "<u>RESTRICTED CONFIDENTIAL SOURCE CODE</u>" Information or <u>Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**3.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**4.  DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.  DESIGNATING PROTECTED MATERIAL**

5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR" or "RESTRICTED CONFIDENTIAL SOURCE CODE" to each page of the document that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party may also clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and may specify, for each portion, the level of protection being asserted. Any correspondence transmitting Protected Material (i.e., production cover letters) should identify the confidentiality designation of any material being transmitted or otherwise produced.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" if applicable.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") to each page of the document that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party may also clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and may specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings,</u> that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, whether the transcript of the deposition, hearing, or other proceeding contains protected testimony and specify the level of protection being asserted.  A Designating Party shall be entitled for up to 21 days after the deposition, hearing, or other proceeding to identify whether the deposition, hearing, or other proceeding contains testimony as to which protection is sought and to specify the level of protection being asserted.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and a similar legend on each page that has been designated as including Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "RESTRICTED – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for</u>

any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party may also specifically identify the protected portion(s) and specify the level of protection being asserted.

5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation subject

to the conditions of disclosure set forth herein. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary and who agree to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(g) the author or recipient of a document containing the information, a custodian or other person who otherwise possessed or knew the information, or witnesses of the Designating Party; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties engaged in settlement discussions.

7.3 Disclosure of "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR" and "RESTRICTED CONFIDENTIAL SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and

(f) the author or recipient of a document containing the information, a custodian or other person who otherwise possessed or knew the information, or witnesses of the Designating Party.

7.4 Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" Information or Items to House Counsel and "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE" Information or Items to Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to House Counsel any information or item that has been designated "CONFIDENTIAL" pursuant to paragraph 7.2(b) first must provide written notice to the Designating Party that (1) sets forth the full name of the House Counsel and the city and state of his or her residence and (2) describes the House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL

SOURCE CODE" pursuant to paragraph 7.3(b) first must provide written notice to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) provides a copy of the Expert's resume, (3) identifies the Expert's current employer(s), and (4) provides a list of the expert's litigation consulting engagements, during the preceding four years.

(b) A Party that provides written notice as set forth in sections 7.4(a)(1) and (a)(2) above, may disclose Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of providing notice, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

## 8.    SOURCE CODE

(a) To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "RESTRICTED

CONFIDENTIAL SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b) Protected Material designated as "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be subject to all of the protections afforded to "RESTRICTED – ATTORNEYS' EYES ONLY" information and may be disclosed only to the individuals to whom "RESTRICTED – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c) Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The secured computer will be connected to a printer such that the Receiving Party may print portions of source code as described in section (d) below.

(d) The Receiving Party may print up to 1000 pages of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance.  The Producing Party shall not unreasonably deny any reasonable request by the Receiving Party to print any pages in excess of 1000 pages.  The Receiving Party shall provide all such printed code to the Producing Party and request that such copies be produced.  The Producing Party shall provide all such source code in paper form, including bates numbers and the

label "RESTRICTED CONFIDENTIAL SOURCE CODE." If the Producing Party denies the Receiving Party's request for printed source code in excess of 1000 pages, the Receiving Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq.*, or as ordered by the Court. In any motion filed before the Court, the Receiving Party shall bear the burden of proving that the printed code is reasonably necessary.

(e) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, which shall include the name of the person inspecting the source code, the employer of the person inspecting the source code, and the date, time, and location of the inspection. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format, except as set forth herein. The Receiving Party shall only make additional paper copies or electronic copies if such additional copies are (1) necessary to prepare court filings, pleadings, hearing exhibits, or other papers (including a testifying expert's expert report) or (2) necessary for deposition. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

**9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE,"

1   that Party must:

2        (a) promptly notify in writing the Designating Party. Such notification

3   shall include a copy of the subpoena or court order;

4        (b) promptly notify in writing the party who caused the subpoena or order

5   to issue in the other litigation that some or all of the material covered by the

6   subpoena or order is subject to this Protective Order. Such notification shall

7   include a copy of this Protective Order; and

8        (c) cooperate with respect to all reasonable procedures sought to be

9   pursued by the Designating Party whose Protected Material may be affected.[1]

10       If the Designating Party timely seeks a protective order, the Party served

11  with the subpoena or court order shall not produce any information designated in

12  this action as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES

13  ONLY," "RESTRICTED – ATTORNEYS' EYES ONLY – SUBJECT TO

14  PROSECUTION BAR" or "RESTRICTED CONFIDENTIAL SOURCE CODE"

15  before a determination by the court from which the subpoena or order issued,

16  unless the Party has obtained the Designating Party's permission. The Designating

17  Party shall bear the burden and expense of seeking protection in that court of its

18  confidential material – and nothing in these provisions should be construed as

19  authorizing or encouraging a Receiving Party in this action to disobey a lawful

20  directive from another court.

21  **10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

22  **PRODUCED IN THIS LITIGATION**

23       (a) The terms of this Order are applicable to information produced by a

24  Non-Party in this action and designated as "CONFIDENTIAL," "RESTRICTED –

25  ATTORNEYS' EYES ONLY," "RESTRICTED – ATTORNEYS' EYES ONLY –

26

27  _____

[1] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and
28  to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court
from which the subpoena or order issued.

SUBJECT TO PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL

SOURCE CODE." Such information produced by Non-Parties in connection with

this litigation is protected by the remedies and relief provided by this Order.

Nothing in these provisions should be construed as prohibiting a Non-Party from

seeking additional protections.

(b) In the event that a Producing Party is required, by a valid discovery

request, to produce a Non-Party's confidential information in its possession, and

the Producing Party is subject to an agreement with the Non-Party not to produce

the Non-Party's confidential information, then the Producing Party shall:

1.      promptly notify in writing the Requesting Party and the Non-

Party that some or all of the information requested is subject to a confidentiality

agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Protective

Order in this litigation, the relevant discovery request(s), and a reasonably specific

description of the information requested; and

3.      make the information requested available for inspection by the

Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this

court within 14 days of receiving the notice and accompanying information, the

Producing Party may produce the Non-Party's confidential information responsive

to the discovery request unless production would subject the Producing Party to the

risk of breach of a contractual obligation it may have with the Non-Party. If the

Non-Party timely seeks a protective order, the Producing Party shall not produce

any information in its possession or control that is subject to the confidentiality

agreement with the Non-Party before a determination by the court.[2] Absent a court

order to the contrary, the Non-Party shall bear the burden and expense of seeking

[2] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

protection in this court of its Protected Material.

**11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a stipulated protective order submitted to the court.

**13.    MISCELLANEOUS**

13.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2    <u>Right to Assert Other Objections</u>. No Party waives any right it

otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.

13.4    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.2.2(b) and 79-5.2.2(c). Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5.2.2(b) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5.2.2(b) unless the Court orders otherwise.

13.5 Prosecution Bar.  Absent written consent from the Producing Party, any individual who reviews or is informed of the contents of information designated "RESTRICTED – ATTORNEYS' EYES ONLY – SUBJECT TO PROSECUTION BAR" or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the contents of said information, ("Barred Subject Matter"), including the patent(s)-in-suit, which pertain to such information, and any patents or applications claiming priority to or otherwise related to such patent(s), before any foreign or domestic agency, including the United States Patent and Trademark

Office ("the Patent Office").  To avoid any doubt, "prosecution" as used in this

paragraph does not include representing a party challenging a patent or defending a

party against such a challenge before a domestic or foreign agency (including, but

not limited to, a reissue protest, *ex parte* reexamination or *inter partes* review)

Also, to be clear, while individuals subject to this prosecution bar may represent a

party in *post-grant proceedings*, such persons may not participate in activities

during any post-grant proceeding involving the amendment or drafting of claims

pertaining to Barred Subject Matter.  This Prosecution Bar shall begin when

information designated "RESTRICTED – ATTORNEYS' EYES ONLY –

SUBJECT TO PROSECUTION BAR" or "RESTRICTED CONFIDENTIAL

SOURCE CODE" is first reviewed by the affected individual or the affected

individual is informed of the contents of such information, and shall end two (2)

years after final disposition of this action.

**14.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in

paragraph 4, each Receiving Party must return all Protected Material to the

Producing Party or destroy such material. As used in this subdivision, "all

Protected Material" includes all copies, abstracts, compilations, summaries, and

any other format reproducing or capturing any of the Protected Material. Whether

the Protected Material is returned or destroyed, the Receiving Party must submit a

written certification to the Producing Party (and, if not the same person or entity, to

the Designating Party) by the 60 day deadline that (1) identifies (by category,

where appropriate) all the Protected Material that was returned or destroyed and

(2) affirms that the Receiving Party has not retained any copies, abstracts,

compilations, summaries or any other format reproducing or capturing any of the

Protected Material. Notwithstanding this provision, Counsel are entitled to retain

an archival copy of all pleadings, motion papers, trial, deposition, and hearing

transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Dated:  March 10, 2017

ROBERT E. FREITAS
JASON S. ANGELL
JING H. CHERNG
FREITAS ANGELL & WEINBERG

*/s/Jason S. Angell*

Jason S. Angell
Attorneys for Plaintiffs
Broadcom Corporation and
Avago Technologies General IP
(Singapore) Pte. Ltd.

Dated:  March 10, 2017

ALAN M. FISCH
R. WILLIAM SIGLER
DAVID M. SAUNDERS
FISCH SIGLER LLP

*/s/ Alan M. Fisch*

Alan M. Fisch
Attorneys for Defendants
Amazon.com, Inc. and
Amazon Web Services, Inc.

IT IS SO ORDERED.

Dated: <u>March 14, 2017</u>

Hon. Jay C. Gandhi
United States Magistrate Judge

**EXHIBIT A**

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the

Protective Order that was issued by the United States District Court for the Central

District of California on _____ [date] in the case of *Broadcom Corp. et al. v.*

*Sony Corp. et al.*, Case No. 8:16-cv-01052-JVS-JCG. I agree to comply with and

to be bound by all the terms of this Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States

District Court for the Central District of California for the purpose of enforcing the

terms of this Protective Order, even if such enforcement proceedings occur after

termination of this action.


Date: _____


Printed name: _____

[printed name]


Signature: _____

[signature]